# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ARBERT JOSE RODRIGUEZ GARCIA,

        Petitioner,

    v.

WARDEN,

        Respondent.

Case No. 1:26-cv-03132-KES-SAB-HC

FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS, DENY RESPONDENTS' MOTION TO DISMISS, AND ORDER PETITIONER'S IMMEDIATE RELEASE

(ECF Nos. 1, 7)

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

Petitioner is a citizen of Venezuela who entered the United States on or about August 11, 2022, and was released on recognizance on August 12, 2022. (ECF No. 7-1 at 2.[1]) On February 28, 2026, Petitioner was arrested for driving under the influence and possession of marijuana/spice. (ECF No. 7-1 at 3.) On March 6, 2026, Petitioner was re-detained. (ECF No. 7-3 at 1.)

On April 24, 2026, Petitioner filed a petition for writ of habeas corpus challenging his immigration detention. (ECF No. 1 at 2.) The Court construed the petition "as raising claims

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

challenging Petitioner's re-detention and the statutory authority of Petitioner's detention." (ECF No. 5 at 1.) On April 29, 2026, Respondent filed a motion to dismiss. (ECF No. 7.)

## II.

### DISCUSSION

The Court finds that issuance of findings and recommendation is appropriate despite the time for Petitioner to file a reply to Respondents' response having not yet expired.

Respondent argues that "Petitioner is an 'applicant for admission' who is subject to mandatory detention" under section 1225(b)(2). (ECF No. 7 at 2.) Such arguments have been rejected by this Court in numerous previous decisions. See, e.g., Clene C.D. v. Robbins, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); R.A.N.O. v. Wofford, No. 1:25-cv-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); Bilal A. v. Wofford, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); Elmer Joel M. C. v. Wofford, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); Omer G. G. v. Kaiser, No. 1:25-cv-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025); W.V.S.M. v. Wofford, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

Respondent contends that this case "is distinguishable from the cases in which this Court has granted habeas relief" because it "was Petitioner's latest encounter with law enforcement that led to Petitioner's re-detention." (ECF No. 7 at 1.) "The contention that an arrest, without more, constitutes evidence of criminal activity is without merit." Yon Kervis U. v. Chestnut, No. 1:25-CV-2066-KES-SAB (HC), 2026 WL 88983, at *1 (E.D. Cal. Jan. 12, 2026) (quoting Duncan v. California, No. S-04-523 LKK/PAN, 2006 WL 1883385, at *2 (E.D. Cal. July 7, 2006)). Further, it appears that Petitioner's charges were dismissed. (ECF No. 7-2 at 6.) As Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions set forth above, the Court recommends granting the petition for writ of habeas corpus on the construed due process claim challenging Petitioner's re-detention for the reasons addressed in those prior orders. See Yon Kervis U., 2026 WL 88983, at *1 (granting preliminary injunction, ordering immediate release of petitioner, who

had been previously released on recognizance, and enjoining respondents from re-detaining petitioner absent a pre-detention hearing, despite petitioner being charged with driving under the influence and driving without a license); Singh v. Warden of Golden State Annex Facility, No. 1:26-cv-01977-KES-SAB (HC), 2026 WL 778645, at *1 & n.1 (E.D. Cal. Mar. 18, 2026) (granting petition, ordering immediate release of petitioner, who had been previously released on recognizance, and enjoining respondents from re-detaining petitioner absent a pre-detention hearing, despite petitioner being charged with two driving-related misdemeanors and two infractions); Munoz-Flores v. Chestnut, No. 1:26-cv-01301-KES-HBK (HC), 2026 WL 457124, at *1 (E.D. Cal. Feb. 18, 2026) (granting petition, ordering immediate release of petitioner, who had been previously released on recognizance, and enjoining respondents from re-detaining petitioner absent a pre-detention hearing, despite petitioner being charged with (but not convicted of) driving under the influence).

## III.

## RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be GRANTED on the construed due process claim challenging Petitioner's re-detention.

2. Respondents' motion to dismiss (ECF No. 7) be DENIED.

3. Respondents be directed to release Petitioner immediately.

4. Respondents be enjoined and restrained from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any**

**exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **May 7, 2026**

STANLEY A. BOONE
United States Magistrate Judge

4